Filed 6/30/22  P. v. Higuera CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>           v.<br><br>PATRICK HIGUERA, JR.,<br><br>    Defendant and Appellant. | A161879<br><br>(Sonoma County Super. Ct.<br>No. SCR 32760-2) |

Defendant Patrick Higuera, Jr. appeals from the trial court's denial of his Penal Code[1] section 1170.95 petition to vacate his conviction for first degree murder and for resentencing.  Because the jury's special gang circumstance finding under section 190.2, subdivision (a)(22) establishes as a matter of law that Higuera is ineligible for relief under section 1170.95,  we conclude the trial court correctly denied the petition without issuing an order to show cause.  We therefore affirm.

## I. BACKGROUND

In 2005, following a jury trial, Higuera and three other defendants were convicted of first degree murder.  The jury found true a special circumstance allegation that Higuera and his codefendants intentionally

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

killed the victim while they were active participants in a criminal street gang and that the murder was carried out to further the activities of the criminal street gang (§ 190.2, subd. (a)(22)). At trial, the prosecution advanced three theories of liability for murder: (1) that each defendant was the actual perpetrator; (2) that each defendant was a direct aider and abettor; and (3) that each defendant was an indirect aider and abettor of one of five "target crimes" under the natural and probable consequences doctrine.[2]

The trial court sentenced Higuera to life imprisonment without the possibility of parole. This court affirmed Higuera's conviction in a 2009 unpublished opinion. (*People v. Amante* (Sept. 3, 2009, A113655).)

On February 7, 2019, Higuera filed a petition under section 1170.95 to vacate his murder conviction and for resentencing. The prosecution opposed the petition and argued that Higuera was ineligible for relief as a matter of law based on the jury's gang special circumstance finding.

On December 2, 2020, the trial court issued a written order denying the petition.[3] In its order, the court stated that the "special circumstance finding *alone* renders [Higuera] ineligible for [section 1170.95] relief as a matter of law." The court reasoned that "[i]n finding the special circumstance to be true, the jury necessarily determined that each of these petitioners 'intentionally killed' the victim and that each of these petitioners acted with the requisite 'malice' required for an aiding and abetting theory of murder." The court further found that Higuera was ineligible for relief because this

---

[2] The five "target crimes" were for (1) breach of peace; (2) assault; (3) battery; (4) assault with a deadly weapon; and (5) assault by means of force likely to produce great bodily injury.

[3] In this same order, the trial court also denied the petitions for relief under section 1170.95 of two of the three other defendants found guilty of first degree murder following the 2005 trial.

court's 2009 opinion on direct appeal "demonstrates as a matter of law that each of the petitioners *could be found guilty* under a valid theory of murder."

## II. DISCUSSION

### A. *Senate Bill 1437*

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) to " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' ([Stats. 2018, ch. 1015, § 1,] subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 846–847 (*Gentile*).)

To achieve this purpose, Senate Bill 1437 added three provisions to the Penal Code: "First, to amend the felony-murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' . . .

"Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) . . . : 'Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice

aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'

"Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at pp. 842–843.)

## B. *Section 1170.95 Petition*

"A person convicted of felony murder or murder under a natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" may file a petition seeking to vacate the conviction "and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Once the threshold requirements are satisfied under section 1170.95, subdivisions (a) and (b), the prosecutor files a response and the petitioner may submit a reply. Then, the trial court "shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to

4

relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

If the trial court issues an order to show cause, it must hold an evidentiary hearing to determine whether the petitioner is entitled to relief. (§ 1170.95, subd. (d).) At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).)

## C. *Prima Facie Showing*

Since we are asked to determine whether Higuera is precluded from relief under section 1170.95 as a matter of law, our review is de novo. (See *People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978.)

As explained in *People v. Duchine* (2021) 60 Cal.App.5th 798, 815, under section 1170.95, subdivision (c), "the prima facie showing the defendant must make is that he did not, in fact, act or harbor the mental state required, for a murder conviction under current law." Indeed, "[i]f a defendant asserts he lacked the requisite intent or did not act in a manner that would make him liable under still-valid murder theories, unless the record of conviction refutes those assertions *as a matter of law*, the defendant has met his prima facie burden." (*Duchine*, at p. 813.)

The court may look at the record of conviction to determine whether a prima facie showing has been made, as the record "will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure

that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. (See Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

Finally, as this court held, "section 1170.95 does not allow relitigation of factual questions that were settled by a prior jury . . . ." (*People v. Secrease* (2021) 63 Cal.App.5th 231, 247, review granted June 30, 2021, S268862.) At the prima facie stage, "the ultimate question is not a backward-looking inquiry into whether a past conviction finds support in substantial evidence." (*Id.* at p. 246.)

## D. *The Recent Changes to the Gang Special Circumstance Finding Have No Bearing on the Jury's Finding of Intent*

Higuera contends that due to two recent changes to the law, the evidence presented at trial would be insufficient under current law to support the jury's gang special circumstance finding. First, he argues that the evidence presented at trial to establish the elements of street gang allegations was based on hearsay testimony from an expert that is now insufficient as evidence following *People v. Sanchez* (2016) 63 Cal.4th 665. Second, an amendment to section 186.22 that became effective on January 1, 2022, now states that the predicate offense needed to establish a "pattern of criminal gang activity" requires that "the common benefit of the offense is more than reputational." (§ 186.22, subd. (e)(1).) Higuera argues that the evidence presented at trial did not establish this.

Whether competent proof supports a finding that Higuera and his codefendants killed the victim while they were active participants in an enterprise qualifying as a criminal street gang or whether they sought to further the activities of such a gang in killing the victim has no bearing on the jury's finding that Higuera intentionally killed, which is the dispositive

6

issue here. Likewise, the amendment made to section 186.22 that changes what is needed to establish "a pattern of criminal gang activity" (§ 186.22, subd. (e)(1)) does not affect the pertinent element of intent to kill under the gang special circumstance finding. (§ 190.2, subd. (a)(22).) We agree with the Attorney General's position that this appeal is not the proper vehicle to raise such challenges. The focus here is on whether Higuera acted with the requisite malice for purposes of making a prima facie showing under section 1170.95.

### E. *Higuera Has Not Made a Prima Facie Showing That He Is Entitled to Relief Under Section 1170.95*

#### 1. Higuera Is Ineligible for Relief as a Matter of Law Based on the Jury's Special Circumstance Finding

Higuera argues that even putting aside the recent changes to the law, the jury's gang special circumstance finding does not render him ineligible for resentencing as a matter of law. We disagree.

As discussed above, Senate Bill 1437 (Stats. 2018, ch. 1015, § 2) amended section 188 by adding the following provision: "Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This amendment eliminated aiding and abetting liability for murder under the natural and probable consequences theory, but "does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*Gentile*, *supra*, 10 Cal.5th at p. 848.)

Higuera contends that the special circumstance finding does not show that the jury did not rely on the natural and probable consequences doctrine in finding him guilty of first degree murder. However, at trial, the jury was

7

instructed that in order to return a true finding under section 190.2, subdivision (a)(22), the prosecution had to prove the following special circumstance beyond a reasonable doubt: "If you find a defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance is true or not true: Penal Code Section 190.2(a)(22): Intentional Killing by Active Street Gang Members." This finding states that defendant "intentionally killed the victim while the defendant was an active participant in a criminal street gang, as defined in subdivision (f) of Section 186.22, and the murder was carried out to further the activities of the criminal street gang." (§ 190.2, subd. (a)(22).)

The jury was further instructed that if it did not find that Higuera was the actual killer, or if it was unable to decide whether he was the actual killer or an aider and abettor, it "cannot find the special circumstance to be true as to that defendant unless [it is] satisfied beyond a reasonable doubt that [Higuera] with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree." In its verdict, the jury found true the special circumstance as to each defendant, including Higuera. This finding necessarily means that the jury found Higuera to have been either the actual perpetrator or a direct aider and abettor to the killing, both of which require malice aforethought and remain valid theories of murder under the current law. (§ 188, subd. (a)(3); *Gentile, supra*, 10 Cal.5th at p. 848.)

Higuera further argues that the special circumstance finding does not establish that the jury found that Higuera acted with premeditation or deliberation to support a valid theory of first degree murder. Higuera cites to *People v. Chiu* (2014) 59 Cal.4th 155 in support. There, our Supreme Court held that "a defendant cannot be convicted of first degree premeditated

8

murder under the natural and probable consequences doctrine" because premeditation and deliberation are required for this crime. (*Id.* at p. 167.) First, *Chiu* predated Senate Bill 1437 and involved a harmless error issue that is fundamentally different than the issue of a prima facie showing under section 1170.95. A harmless error analysis requires the sort of "backward-looking inquiry" we specifically rejected at the prima facie stage here. (*People v. Secrease, supra,* 63 Cal.App.5th at p. 246, review granted.)

Second, we do not find the argument relevant at this stage as it is Higuera who must first make a prima facie showing that he is entitled to relief before the burden shifts to the prosecution to prove that he is guilty beyond a reasonable doubt under a valid theory of murder. (§ 1170.95, subds. (c), (d)(3).) Higuera has not made a prima facie showing that he did not act with the requisite malice required under current law, which does not require premeditation or deliberation. (See § 188.) For this same reason, we do not address the merits of Higuera's argument that the evidence at trial does not establish beyond a reasonable doubt that he was convicted on a valid theory of murder.

Finally, Higuera argues that because there was some jury confusion over an instruction that was resolved during deliberations, the special circumstance finding should not be relied on to show intent to kill. We disagree. The record does not support that the jury relied on a natural and probable consequences doctrine, and the jury's gang special circumstance finding that Higuera *intentionally* killed the victim is dispositive of the issue. Nor do we find any merit to Higuera's argument that the prosecution encouraged the jury to consider the natural and probable consequences theory to convict Higuera of first degree murder. The prosecution was permitted to advance different theories of murder at trial and did so when it

asked the jury to consider whether Higuera was the direct perpetrator, direct aider and abettor, or indirect aider and abettor of a target crime under the natural and probable consequences doctrine. There was nothing improper about this strategic approach.

## 2. The Special Circumstance Finding Does Not Equate to Imputed Malice

Section 1170.95, subdivision (a), as amended by Senate Bill No. 775 (2021–2022 Reg. Sess.), now provides relief for those "convicted of felony murder or murder under the natural and probable consequences doctrine or *other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . .*" (Italics added.) Higuera contends that a determination of malice through the jury's special circumstance finding is equivalent to imputing malice to Higuera. There is no support for such an interpretation. The Legislature's intent for this amendment was to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021–2022 Reg. Sess.) § 1, subd. (a).)

Section 188, subdivision (a)(3), as added by Senate Bill 1437, provides that, except for felony murder liability, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." There is express malice "when there is a manifested a deliberate intention to unlawfully take away the life of a fellow creature." (§ 188, subd. (a)(1).) Express malice is exactly what the jury found when it found true the special circumstance that Higuera intentionally killed the victim while being an active participant in a criminal street gang.

10

As a related argument, Higuera argues that this court should follow *People v. Pacheco* (2022) 76 Cal.App.5th 118, review granted May 18, 2022, S274102, in holding that the gang special circumstance finding only establishes that Higuera had an intent to kill, not that he actually killed or aided and abetted in the killing. In *Pacheco*, the gang special circumstance instruction included that (1) a perpetrator intentionally killed the victim; and (2) "[t]he defendant had an intent to kill at the time of the killing." (*Id.* at pp. 127–128, quoting CALCRIM No. 736.) Based on this, the court held that the special circumstance finding "establishes Pacheco intended to kill Abraham Sanchez at the time of his killing (the mens rea). But the gang special circumstance instruction does not establish—as a matter of law—that Pacheco *directly aided and abetted* the killing of Sanchez (the actus reus)." (*Pacheco*, at p. 128.)

The gang special circumstance finding in *Pacheco* can be easily distinguished from the one found true here. The jury made a special circumstance finding that Higuera "intentionally killed [the victim] while [he] was an active participant in a criminal street . . . ." Therefore, both the mens rea and actus rea of murder under a valid theory of murder were established by this finding—that Higuera intended to kill and did kill or aid and abet in the killing of the victim.

## III. DISPOSITION

The trial court's order denying Higuera's section 1170.95 petition is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

11